UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 19 C 8138 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maria R. brings this action under 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's (SSA) decision denying her application for benefits. For the following reasons, the Court grants plaintiff's motion for summary judgment [18],[2] denies the Acting Commissioner's motion for summary judgment [27], reverses the SSA's decision, and remands this case for further proceedings.

**Procedural Background**

Plaintiff applied for disability insurance benefits on November 30, 2013, alleging a disability onset date of April 29, 2013. [11-1] 239. The claim was denied initially and on reconsideration. [*Id.*] 1, 100. Plaintiff requested a hearing, which was

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [11-1] refer to the page number in the bottom right corner of each page.

held by an Administrative Law Judge (ALJ) on March 7, 2017. [*Id.*] 196. In a decision dated September 13, 2017, the ALJ found that plaintiff was not disabled. [*Id.*] 100. After plaintiff filed a request for review, the Appeals Council issued a notice on November 15, 2018, stating that it was reviewing the ALJ's decision because the ALJ did not admit an April 2015 consultative examination into the record. [*Id.*] 233-36. After considering this additional evidence, the Appeals Council issued a decision dated January 24, 2019 adopting the ALJ's findings and conclusions and denied plaintiff's application for benefits. [*Id.*] 1-12. The Appeals Council's decision was the agency's final decision, *see* 20 C.F.R. § 404.981, and this Court has subject-matter jurisdiction to review that decision under 42 U.S.C. § 405(g).[3]

**Legal Standard**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to

---

[3] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [8].

perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (internal citation omitted).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted).

## Discussion

Plaintiff, who was 39 years old at the time of her alleged onset date, sought disability benefits based on a history of high blood pressure, dizziness, and a heart condition. [11-1] 241. In May 2013, plaintiff underwent surgery to remove a tumor from her heart. [*Id.*] 332, 342. Plaintiff additionally submitted evidence that she had been diagnosed with depression and suffered from back pain and headaches. [*Id.*] 332-49, 361-89. Plaintiff, who had worked at a meat packing company since 1996,

3

[*id.*] 274, testified that she stopped working in April 2013 because of her heart condition and surgery. [*Id.*] 130.

### A. The ALJ's Decision

At step one of his written decision rejecting plaintiff's claim, the ALJ found that plaintiff had not engaged in substantial gainful activity after her alleged onset date. [11-1] 108. At step two, the ALJ found that plaintiff had three severe impairments: coronary artery disease, hypertension, and depression. [*Id.*]. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal the severity of any listed impairment. [*Id.*] 110-12. At this step, the ALJ conducted a paragraph B analysis considering Listing 12.04, which governs depressive, bipolar, and related disorders, and found that plaintiff had a "moderate limitation" in "concentrating, persisting, and maintaining pace." [*Id.*] 110-11.

Before proceeding to step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain mental limitations. [11-1] 112. More specifically, the ALJ found that plaintiff could: "understand, remember, and carry out simple work instructions and execute simple workplace judgments, and . . . [could] perform routine work that involves no more than occasional decision making or occasional changes in the work setting." [*Id.*] The ALJ explained that, because the RFC limits plaintiff to performing only routine work that involves only occasional decision making and occasional changes in work setting, these limitations should "prevent exacerbation of

4

the claimant's depressive symptoms and account for her memory loss and difficulty concentrating." [*Id.*] 116.

At step four, the ALJ found that plaintiff could not perform her past relevant work as a meat trimmer and meat packager. [11-1] 117. Finally, at step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform based on her RFC: housekeeper, packager, and assembler. [*Id.*] 118. Accordingly, the ALJ found that plaintiff was not disabled. [*Id.*] 119.

Plaintiff argues that the Commissioner's decision should be reversed and remanded because the ALJ failed to (1) account for the limitations imposed by her history of headaches; (2) account for her moderate limitation in concentration, persistence, and pace (CPP) in determining her mental RFC; and (3) consider plaintiff's language proficiency in determining her RFC. [19] 5-6.

After careful review of the parties' briefing, the ALJ's opinion, and the administrative record, the Court agrees with plaintiff that the Commissioner's decision must be reversed. The ALJ found that plaintiff had a moderate CPP limitation but purported to accommodate this limitation by limiting plaintiff to simple, routine work. Because that was a clear error under controlling Seventh Circuit precedent, the Commissioner's decision will be reversed, and the case remanded for further administrative proceedings.[4]

---

[4] Because this issue is dispositive, the Court need not address plaintiff's other arguments for reversal.

5

### B. The RFC Determination Does Not Account for Plaintiff's Moderate CPP Limitation.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Id.* at 592.

The ALJ's RFC finding "must incorporate the 'totality of a claimant's limitations,' including any 'deficiencies of concentration, persistence and pace.'" *Mischler v. Berryhill*, 766 F. App'x 369, 375 (7th Cir. 2019) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010)); *accord DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). "Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00C(3). "Though an RFC assessment need not recite the precise phrase 'concentration, persistence, or pace,' any alternative phrasing must clearly exclude those tasks that someone with the claimant's limitations could not perform." *Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019).

As noted above, the ALJ determined that plaintiff was moderately limited in concentrating, persisting, or maintaining pace. [11-1] 111. However, the ALJ did not

6

include this limitation in his RFC determination; instead, the ALJ limited plaintiff to simple, routine work that involved only simple workplace judgments and occasional decision-making and changes in the work setting. [*Id.*] 112.

"The question," therefore, "is whether 'simple, routine tasks' accounts for a moderate limitation in CPP. The answer from the Seventh Circuit, time and time again, has been no." *Sheila W. v. Saul*, 395 F. Supp. 3d 974, 978 (N.D. Ill. 2019). "Under this precedent, catch-all terms like simple, repetitive tasks are generally insufficient, because there is no basis to conclude that they account for problems of concentration, persistence or pace." *Gary R. v. Kijakazi*, No. 20 C 6109, 2022 WL 4607581, at *17 (N.D. Ill. Sept. 30, 2022). "This is because '[t]he ability to stick with a given task over a sustained period of time'–that is, one's ability to concentrate, persist, or maintain pace–'is not the same as the ability to learn how to do tasks of a given complexity.'" *Ellen B. v. Kijakazi*, No. 19 CV 2501, 2021 WL 4244751, at *4 (N.D. Ill. Sept. 17, 2021) (quoting *O'Connor-Spinner*, 627 F.3d at 620). "A task can be simple, but a person with a poor attention span may still become distracted and stop working." *Mischler*, 766 F. App'x at 376. Thus, "[r]estricting a person to simple routine tasks, as the ALJ has done here, is unrelated to the question of whether an individual with . . . difficulties with concentration, persistence, and pace can perform such work." *Dula A. v. Saul*, No. 18 CV 4253, 2019 WL 3386998, at *6 (N.D. Ill. Jul. 26, 2019).

The Court recognizes that a catch-all term like simple, routine work is "not automatically in error"; to the contrary, "a limitation to unskilled work can account

for concentration difficulties if the record indicates that it addresses the underlying symptoms." *Gary R.*, 2022 WL 4607581, at *17 (internal quotation marks omitted); *accord Pavlicek v. Saul*, 994 F.3d 777, 784 (7th Cir. 2021); *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). As the Court has recently explained, an RFC determination that a claimant can perform simple, routine work can accommodate a claimant's moderate limitation in CPP if (1) the ALJ has reasonably relied on "'the opinion of a medical expert who translates [CPP] findings into an RFC determination,'" *Benjamin G. v. Kijakazi*, No. 19 CV 4558, 2022 WL 2208865, at *6 (N.D. Ill. Jun. 21, 2022) (quoting *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019); or (2) the RFC "'adequately account[s] for the claimant's demonstrated psychological symptoms,'" *id.* (quoting *Jozefyk*, 923 F.3d at 498).

But the ALJ's RFC determination in this case does not fit within either exception.

First, no medical expert translated plaintiff's moderate CPP limitation into an RFC determination–and nothing in the ALJ's decision suggests that the ALJ believed that such a translation existed. *See* [11-1] 390-94 (Dr. Rodriguez Gonzalez's consultative examination); [*id.*] 161-68 (report of consultative examiner Dr. Boyenga); *see also* [*id.*] 110-11 (ALJ's discussion of Drs. Rodriguez Gonzalez's and Boyenga that plaintiff was moderately limited in CPP but no translation of such limitations into an RFC determination). Resisting this conclusion, the Acting Commissioner observes that the ALJ gave great weight to the opinions of Dr. Boyenga, *see* [11-1] 117, who found that plaintiff had a moderate CPP limitation and was "capable of performing

8

simple tasks." [28] 7-8 (citing [11-1] 162, 167). According to the Acting Commissioner, the thrust of Dr. Boyenga's opinion was that, despite her moderate CPP limitation, "plaintiff could handle simple, routine, repetitive tasks and could follow instructions in the workplace." [*Id.*] 8. This argument has no merit. Nowhere in the ALJ's decision did the ALJ suggest that he understood Dr. Boyenga's opinion to mean that plaintiff was capable of simple, routine work despite her moderate CPP limitation. But this Court's "review of social security decisions is limited to the ALJ's rationales, and a decision cannot be upheld by giving it new ground to stand on." *Crystal M. on behalf of D.R. v. Kijakazi*, No. 21 CV 2240, 2022 WL 1567061, at \*5 (N.D. Ill. May 18, 2022). Because the ALJ did not say that he believed Dr. Boyenga had found that plaintiff could perform simple work notwithstanding her moderate CPP limitation, the Court cannot affirm the ALJ's decision on that basis.

Second, the ALJ's RFC determination does "not appear to account in any meaningful way for all of [plaintiff's] psychological symptoms." *Spychalski v. Saul*, 20-cv-399-mc, 2021 WL 1040511, at \*5 (W.D. Wis. Mar. 18, 2021). The ALJ repeatedly noted that plaintiff had a moderate CPP limitation and gave great weight to the opinions of the two consultative examiners who documented plaintiff's CPP limitation. *See* [11-1] 110-11, 116-17. Nevertheless, the ALJ did not explain how a limitation to simple, routine work would adequately accommodate that limitation. The Acting Commissioner dismisses plaintiff's argument on this score as mere nit-picking, *see* [28] 8 & n.6, but this badly mischaracterizes plaintiff's position and minimizes the significance of the ALJ's error. Contrary to the Acting Commissioner's

9

position, the ALJ's handling of the CPP limitation is not "some idle technicality." *Sheila W.*, 395 F. Supp. 3d at 980. Rather, as the following colorful passage from *Sheila W.* demonstrates, the ALJ made a fundamental error by purporting to accommodate plaintiff's moderate limitation in CPP by limiting her to simple work:

> Accounting for deficiencies in concentration beyond a limitation to simple or routine work is important. It's easy to imagine a job involving simple, routine, repetitive tasks, such as a job that involves a conveyor delivering a product to a worker, who must then place it in a receptacle–product after product, receptacle after receptacle, over and over, at a certain pace. Many unskilled, simple, routine jobs are made up of precisely this type of tedium. Those of a certain age might recall the classic Lucille Ball–Vivian Vance sketch where the two were tasked with wrapping candies coming down a conveyor at a candy factory. See http://www.youtube.com/watch?v=8NPzLBSBzPI.2 The job is exceedingly simple; it is unskilled. But for one whose concentration waxes and wanes, or cannot persist or maintain a pace throughout the day, it is a daunting if not impossible occupation. This is why a limitation to unskilled, simple, routine work does not necessarily account for a limitation in concentration.

395 F. Supp. 3d at 980.

In sum, the ALJ's RFC determination failed to account for plaintiff's moderate limitation in concentration, persistence, or maintaining pace. For that reason, the ALJ's decision must be reversed and the case remanded to the agency for further proceedings.

## Conclusion

For the forgoing reasons, plaintiff's motion for summary judgment [18] is granted, and the Commissioner's motion for summary judgment [27] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: October 31, 2022**