# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 19 C 8138 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Acting Commissioner of Social Security's motion to alter or amend judgment under Fed. R. Civ. P. 59(e). [35].[1] The Acting Commissioner argues that the Court manifestly erred in concluding that substantial evidence did not support the administrative law judge's (ALJ) denial of plaintiff's application for benefits. Plaintiff has filed a response [37], and the Acting Commissioner has declined to file a reply brief. *See* [36]. For the following reasons, the motion is denied.

"A Rule 59(e) motion can be granted only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks omitted). "A manifest error is not demonstrated by the disappointment of the losing party;" instead, it "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). A motion under Rule 59(e) "does not permit a party to advance arguments or theories that could and should have been made before the district court rendered a judgment," nor is it "a vehicle for recycling arguments that the Court has previously rejected." *Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. Jul. 29, 2010) (internal citations and quotations omitted).

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [11-1] refer to the page number in the bottom right corner of each page.

The Court reversed the ALJ's decision and remanded for further proceedings after concluding that the ALJ failed to account for plaintiff's moderate limitation in concentration, persistence, or maintaining pace (CPP) when determining plaintiff's residual functional capacity (RFC). *Maria R. v. Kijakazi*, No. 19 C 8138, 2022 WL 16553139 (N.D. Ill. Oct. 31, 2022). More specifically, the Court found that, despite agreeing that plaintiff was moderately limited in concentrating, persisting, or maintaining pace, the ALJ did not include that limitation in the RFC determination. Instead, the ALJ purported to account for this limitation by restricting plaintiff to simple, routine work that involved only simple workplace judgments and occasional decision-making and changes in the work setting. *See id.* at *3-4. The Court (1) explained that no medical expert, including consultative examiner Kirk Boyenga, translated plaintiff's CPP limitation into an RFC determination; (2) rejected, as an impermissible *post hoc* justification, the Acting Commissioner's argument that the ALJ understood Boyenga to have opined that plaintiff was capable of simple, routine work despite her CPP limitation; and (3) found that the ALJ never explained how a limitation to simple, routine work would adequately accommodate the CPP limitation. *Id.*, at *4.

The Acting Commissioner makes three arguments in support of altering or amending the judgment. None warrants that relief.

First, the Acting Commissioner argues that the Court failed to apply "[t]he revised regulations that became effective in January 2017" and "defined 'moderate' to clarify that this rating did not encompass disabling restrictions such as the inability to sustain performance of any task over time." [35] 2. The Rule 59(e) motion presents a lengthy argument based on these regulations, but the Acting Commissioner's merits brief–filed nearly four years after the regulations took effect– did not cite or discuss them at all. *See* [28] 5-8. Because the Acting Commissioner could have raised this argument in opposition to plaintiff's motion for summary judgment, but failed to do so, this argument is forfeited and provides no basis for reconsideration. *See Tri-State Disposal, Inc. v. Vill. of Riverside*, No. 18 C 2138, 2023 WL 3080186, at *2 (N.D. Ill. Mar. 23, 2023) (denying Rule 59(e) motion and observing that "if Tri-State wanted the Court to consider [certain arguments], it should have raised the arguments in opposition to Defendants' motion for summary judgment"); *Selyutin v. Aon PLC.*, Case No. 18-cv-3951, 2021 WL 4936243, at *3 (N.D. Ill. Jul. 26, 2021) (argument raised for first time in motion to reconsider is forfeited).

Second, the Acting Commissioner argues that the Court "adopt[ed] a rebuttable presumption" that an RFC determination limiting a claimant to "simple and routine work does not accommodate an individual" with a moderate CPP limitation [35] 6, and that such a presumption is contrary to "recent Seventh Circuit precedent," [*id.*] 4. This argument rests on a contorted reading of the Court's decision. In addressing plaintiff's CPP claim, the Court relied on some of the many cases in which a court reversed an ALJ's decision based on the same error as plaintiff

contended had occurred here. *See Maria R.*, 2022 WL 16553139, at *3. But the Court also discussed some of the many cases in which a court found that "'a limitation to unskilled work can account for concentration difficulties if the record indicates that it addresses the underlying symptoms.'" *Id.* (quoting *Gary R. v. Kijakazi*, No. 20 C 6109, 2022 WL 4607581, at *17 (N.D. Ill. Sept. 30, 2022)). Far from presuming that a simple-work limitation was reversible error, the Court simply recognized that this question must be addressed on a case-by-case basis and in light of the evidence in the administrative record. Indeed, immediately after discussing these two lines of authority, the Court explained why the simple-work limitation in this case did not adequately account for plaintiff's CPP limitation.[2] The Acting Commissioner's rebuttable-presumption argument, which does not accurately reflect how the Court analyzed plaintiff's claim, provides no basis for reconsideration.

Third, the Acting Commissioner argues that the Court erred in determining that "no medical expert translated plaintiff's moderate CPP limitation into an RFC determination." [35] 6. In support, the Acting Commissioner contends that "Dr. Boyenga *did* translate the moderate limitations into workplace functions . . . as instructed by the questionnaire he completed." [*Id.*] 6-7 (emphasis in original). The Court rejects this argument, which simply rehashes an argument that the Court has already considered and found meritless. As the Court explained, "'[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings.'" *Maria R.*, 2022 WL 16553139, at *3 (quoting 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00C(3). Despite identifying–in the checklist portion of his evaluation–a moderate limitation in plaintiff's ability to sustain focused attention and concentration, Dr. Boyenga did not–in the narrative section of his report–account for that CPP limitation. Rather, Boyenga stated only that plaintiff:

> is capable of performing simple tasks. Social skills are impaired, but allow settings with reduced interpersonal contact. Claimant is able to get along with family. Adaptation abilities are limited, but allow routine,

---

[2] In a footnote, the Acting Commissioner provides a string cite to sixteen decisions from the Seventh Circuit that demonstrates, according to the Acting Commissioner, that in recent years the Seventh Circuit has "affirm[ed] almost every ALJ decision where the claimant had a moderate rating in the area of [CPP] and the [RFC] included evidence-based limitations." [35] 4 n.2. The Court notes that most of these cases were decided before the Acting Commissioner filed her merits brief, but none were cited by the Acting Commissioner in support of her argument that the ALJ properly determined plaintiff's mental RFC. *Compare* [*id.*] *with* [28] 5-8. Notwithstanding that omission, moreover, the Court explained why cases like *Pavlicek v. Saul*, 994 F.3d 777 (7th Cir. 2021), *Burmester v. Berryhill*, 920 F.3d 507 (7th Cir. 2019), and *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019), did not require a different result. *See Maria R.*, 2022 WL 16553139, at *4. In any event, the proper resolution of a claim like plaintiff's depends, not on counting the number of times the Seventh Circuit has accepted or rejected that claim, but on whether the evidence in the record demonstrates that the ALJ's RFC determination adequately accounts for the claimant's CPP limitation.

repetitive tasks. Claimant is able to follow instructions. Travel is reported to be limited, but that can be attributed to physical problems.

[11-1] 167.

The Court is hard-pressed to understand how any part of Dr. Boyenga's narrative summary can be understood to account for or encapsulate plaintiff's moderately limited ability to sustain attention and concentration, and this is what the Court meant when it wrote that Dr. Boyenga had not translated the CPP limitation into an RFC determination. *See Maria R.*, 2022 WL 16553139, at *3-4; *compare Pavlicek*, 994 F.3d at 780 (state agency consultant adequately accounted for plaintiff's CPP limitation by opining that plaintiff "could pay attention for up to two hours at a time, and could perform at a consistent pace" if limited to simple work). Nor does the Acting Commissioner cite any specific part of Boyenga's report to support her argument. *See* [35] 6-8. Accordingly, the Court remains convinced that remand was warranted because neither the ALJ's decision nor the narrative portion of Dr. Boyenga's report accounted for plaintiff's moderate CPP limitation. *See DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (ALJ "may rely on a narrative explanation" in formulating claimant's mental RFC, but "the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms"); *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015) ("[w]orksheet observations, while perhaps less useful to an ALJ than a doctor's narrative RFC assessment, are nonetheless medical evidence which cannot just be ignored").

## Conclusion

The Acting Commissioner's motion to alter or amend judgment [35] is denied.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: May 9, 2023**